UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ARTOSKA GILLISPIE, | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:14-CV-257 NAB |
| | ) | |
| BILL STANGE,[1] | ) | |
| | ) | |
| Respondent. | ) | |

# MEMORANDUM AND ORDER

This action is before the Court on Petitioner Artoska Gillispie's Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(6). [Doc. 38.] For the following reasons, the Court will deny Petitioner's motion.

**Background**

Gillispie filed a Petition for Writ of Habeas Corpus pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 (AEDPA) on February 12, 2014. [Doc 1.] On March 29, 2017, the Court denied Gillispie's request for relief. [Doc. 16.] The Eighth Circuit Court of Appeals denied Gillispie's request for a certificate of appealability and dismissed his appeal. [Doc. 31.] The petition for rehearing was also denied. [Doc. 35.] Gillispie then filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6). In support of his motion, Gillispie contends that this case should be reopened because there was a

---

[1] During the pendency of the Petition, Bill Stange became the warden at Potosi Correctional Center where Petitioner is incarcerated. Pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts, the Respondent is the state officer who has custody. Therefore, the Clerk of Court is ordered to add Bill Stange as the Respondent and remove Troy Steele's name.

"defect/fraud" on the Court and that the Court's decision was based on factual error. Gillispie requests the Court amend its judgment and grant the habeas petition.

**Standard of Review**

Federal Rule of Civil Procedure 60(b) allows a habeas petitioner to seek relief from final judgment and to request the reopening of his case in certain circumstances. "Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with AEDPA" *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* Fed. R. Civ. P. 81(a)(4) (rules of civil procedure apply to proceedings for habeas corpus to the extent that the practice in those proceedings is not specified in a federal statute or the Rules Governing Section 2254 cases). A court may grant relief under Rule 60(b)(6) for "any other reason that justifies relief" when a motion is made within a reasonable time. Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6), the particular provision under which petitioner brought his motion, permits reopening when the movant shows 'any ... reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." *Gonzalez v. Crosby*, 545 U.S. 524, 528-29 (2005) (citing *Liljeberg v. Health Services Acquisition Corp.,* 486 U.S. 847, 863, n. 11 (1988)).

The Eighth Circuit had held that when a petitioner files a Rule 60(b) motion in a closed habeas proceeding, the district court should file the purported Rule 60(b) motion and conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2254. *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002). "If the district court determines the Rule 60(b) motion is actually a second or successive habeas petition, the district court should dismiss it for failure to obtain authorization from the Court of Appeals or, in its discretion, may transfer the purported Rule 60(b) motion to the Court of Appeals." *Boyd*, 304 F.3d at 814.

AEDPA imposes three requirements on second and successive habeas petitions:

> First, any claim that has already been adjudicated in a previous petition must be dismissed. § 2244(b)(1). Second, any claim that has *not* already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence. § 2244(b)(2). Third, before the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.

*Gonzalez*, 545 U.S. at 529-530 (emphasis in original). "It is well established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure." *U.S. v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005).

The Court must determine if the Rule 60(b) motion filed by a habeas petitioner is a habeas corpus application as that statute uses that term. *Gonzalez*, 545 U.S. at 530. "If neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction, allowing the motion to proceed as denominated creates no inconsistency with the habeas statute or rules." *Gonzalez*, 545 U.S. at 533.

**Discussion**

First, the Court must determine whether Gillispie's Rule 60(b)(6) motion is in fact a motion for relief from judgment or an impermissible second or successive petition for habeas corpus relief. Gillispie specifically directs the Court to claim 3 in his habeas petition asserting ineffective assistance of appellate counsel for failure to appeal the denial of his motion to suppress evidence. This Court held that appellate counsel was not required to raise a non-

meritorious claim. Gillispie states that the Court's decision was based on mistakes of law and fact. Gillispie also asserts that the Court applied the wrong standard of review.

"A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim." *Ward*, 577 F.3d at 933. "For the purposes of determining whether the motion is a habeas corpus application, claim is defined as an asserted federal basis for relief from a state court's judgment of conviction or as an attack on the federal court's previous resolution of the claim on the merits." *Ward*, 577 F.3d at 933 (internal citations omitted). "On the merits, refers to a determination that there exist or do not exist grounds entitling a prisoner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d). When a Rule 60(b) motion presents a claim, it must be treated as a second or successive petition under AEDPA." *Id.* (internal citations omitted). "No claim is presented if the motion attacks some defect in the integrity of the federal habeas proceedings." *Id.* "Likewise, a motion does not attack a federal court's determination on the merits if it merely asserts that a previous ruling which precluded a merits determination was in error- for example a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.*

After careful review of the Court's previous decision on Gillispie's habeas petition and the present Rule 60(b)(6) motion, the Court concludes that Gillispie's motion is improper because it seeks to assert or reassert a federal basis for relief from his conviction. Gillispie seeks to re-argue claims that were previously presented in the habeas petition and dismissed on the merits. Despite Gillispie's assertions to the contrary, he is re-arguing his claim that he received ineffective assistance of counsel and is seeking another opportunity to have the Court rule in his favor. Therefore, the Court will deny and dismiss Gillispie's motion for lack of jurisdiction as a second or successive habeas petition.

To the extent he seeks to bring new claims for habeas relief, Gillispie must obtain leave from the Eighth Circuit Court of Appeals before he can assert those claims in this Court. 28 U.S.C. § 2244(b)(3)(A). Because Gillispie did not obtain advance authorization from the Eighth Circuit Court of Appeals to file his motion, as required by AEDPA, the Court will dismiss it. *See* Boyd, 304 F.3d at 814.

Even if this Court were to construe Gillispie's motion under Rule 60(b)(6) and not as a successive § 2254 petition, he is still not entitled to relief. Relief under Rule 60(b)(6) is only available in "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535. "Such circumstances will rarely occur in the habeas context." *Id.* at 535. Gillispie has failed to present any evidence of extraordinary circumstances.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's "Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(6)" Motion is **DENIED and DISMISSED for lack of jurisdiction as a second or successive habeas motion**. [Doc. 38.]

**IT IS FURTHER ORDERED** that the Clerk of Court shall substitute Bill Stange in the place of Troy Steele as the Respondent in this action, pursuant to Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 25th day of February, 2020.